IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANKENGO VERNON MWALUMBA, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-2956-K-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. Now before the Court is Petitioner Mankengo Vernon Mwalumba's *pro se Motion for Writs of Error Coram Nobis*. Doc. 3. As detailed here, the petition should be **DENIED**.

**I.   BACKGROUND**

In 1999, Mwalumba pled guilty to fraud and misuse of visas and identification documents, false statements, and bank fraud, and was sentenced to 27 months' imprisonment on each count, to be served concurrently, and a three-year term of supervised release. Mwalumba was also ordered to pay $173,735.07 in restitution. *See United States v. Mwalumba*, No. 3:98-CR-378-X, *Judgment of Conviction*, Crim. Doc. 41 (N.D. Tex. 1999) (Kendall, J.), *appeal dism.*, No. 99-10781 (5th Cir. 2000). Mwalumba then unsuccessfully sought to vacate his sentence under 28 U.S.C. § 2255. *Mwalumba v. United States*, No. 3:00-CV-537-X (N.D. Tex., Dallas Div., Apr. 7, 2000). In a civil proceeding filed in November 2008, this Court revoked Mwalumba's citizenship as it was illegally procured and cancelled his certificate of naturalization. *See United States v. Mwalumba*, 688 F. Supp. 2d 565 (N.D. Tex. 2010), *appeal*

*dism.*, No. 10-10382 (5th Cir. Aug. 30, 2010).

In 2018, Mwalumba was charged with making a false statement in a United States passport application, but he was eventually acquitted in January 2019. *United States v. Mwalumba*, No. 1:18-CR-63 (D. NH. 2019). While that charge was pending, Mwalumba again unsuccessfully sought to vacate his 1999 conviction. However, he was no longer in custody and his successive Section 2255 motion was dismissed for want of jurisdiction. *Mwalumba v. United States*, No. 3:18-CV-2648-K, Doc. #3 (N.D. Tex. Oct. 15, 2018).

Mwalumba then filed the instant *coram nobis* petition renewing his challenge to the 1999 conviction for ineffective assistance of counsel, alleging that his counsel failed to advise him of the deportation consequences of entering a guilty plea and failed to investigate and depose witnesses and move to suppress evidence. Doc. 3 at 3, 7; Doc. 5 at 5 (*Answers to Magistrate Judge's Questionnaire*). Mwalumba also asserts ineffective assistance of counsel due to an alleged conflict of interest and fundamental errors in the 2010 revocation-of-citizenship proceedings in Cause No. 3:08-CV-2088-G. Doc. 3 at 4; Doc. 5 at 5; Doc. 6 at 1; Doc. 8 at 1-2; Doc. 11 at 1.[1]

Mwalumba also argues that the Government violated his 1999 plea agreement by bringing the civil revocation of citizenship proceeding when the Government had agreed not to seek revocation based on information provided in the criminal case. Doc. 11 at 2. He avers:

> I am asking that the government be made to honor the agreement they would not seek revocation based on the information in the criminal case no 3:98-CR-00378-x and return my citizenship. In the name of justice for all (See pg.30 sec.9-18, pg.31 sec.1-5 of Sentencing Transcript Exhibit C).
>
> The fact that I am now facing deportation and criminal charges due to this violation on the government part is a Miscarriage of Justice.

---

[1] The Court liberally construes Mwalumba's *Amendments of Motion Writ of Error Coram Nobis* as supplemental petitions. Doc. 8 at 1; Doc. 11 at 1

> On or About April-16-1999 Immigration special agent Clayton Booth who was involved in my case from the beginning to the end, confirmed to the US Probation office Mr Jerry A Richie, according to the agreement, in my criminal case 1998: Pursuant to an investigation of INS it has been determined that I was not depotable Base in the criminal case 3:98-CR-378-X. (see Exhibit D)
>
> On or About July 15, 2000 the same special agent from INS Mr Clayton Booth who originally made the agreement with the government and my attorney not to revoked my citizenship. made form G-166 using information of the criminal case 3:98-CR-378-X send to is colleague in INS District counsel James T Reynolds to violated the agreement (see Exhibit E)
>
> on or about July 24, 2000 INS District counsel Mr James T Reynolds send a latter to Associate General counsel Mr Michael Neifach at INS Headquarter to violated the agreement made by special agent Mr Clayton Booth to revoked my citizenship. (see Exhibit F)
>
> The INS special agent Mr Clayton Booth knowingly made the agreement not to proceed with the revocation of my citizenship in this criminal case 3:98-CR-378-X using different tact tic to Violate my Right to keep my citizenship ,with not respect of the agreement originally made on record.
>
> This violation of right and breach of agreement is forcing me to abandoned my kids and divorce my wife same think that I never plained in my life , Because my wife been a refuge from my original country she can not come to Congo with me and bring my kids, I which the government did not lied to me that I will keep my citizenship if I plead guilty in the case 3:98-CR-378-X, I was going to Take this case to trial.

Doc. 11 at 2-3 (misspellings in original).[2]

## II.   ANALYSIS

The writ of *coram nobis* is an "extraordinary remedy" intended to achieve justice when "errors 'of the most fundamental character'" have occurred in a criminal proceeding. *United States v. Dyer,* 136 F.3d 417, 422 (5th Cir.1998) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)); *see also United States v. Denedo*, 556 U.S. 904, 911-13 (2009). It is available

---

[2] In January 2019, before his acquittal, Mwalumba also unsuccessfully sought to challenge his pretrial confinement in the District of New Hampshire. *See Mwalumba v. United States*, No. 3:19-CV-49-S-BH (N.D. Tex. 2019) (dismissing habeas petition for want of jurisdiction).

to a defendant "no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'" *United States v. Castro*, 26 F.3d 557, 559 (5th Cir.1994) (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir.1989)). The *coram nobis* remedy "should issue to correct only errors which result in a complete miscarriage of justice." *Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512). The writ is appropriate "only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'" *Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512). The petitioner "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct," *id.,* and "must . . . provide 'sound reasons' for his failure to seek permission to assert the claims alleged in his *coram nobis* petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody." *United States v. Esogbue,* 357 F.3d 532, 535 (5th Cir. 2004).

      Here, Mwalumba has already served his sentence and his citizenship status was revoked as a result of his conviction. Thus, he satisfies the first two elements for *coram nobis* relief. *See Castro*, 26 F.3d at 559 (concluding *coram nobis* petitioners must be "no longer in custody" and must be "suffering civil disabilities as a consequence of the criminal convictions").

      However, Mwalumba still must show that a fundamental error justifies vacating his conviction and that sound reasons exist for his delay to seek earlier appropriate relief. *See Dyer*, 136 F.3d at 422 (*coram nobis* will issue only to correct errors of "the most fundamental character" and "sound reasons" must exist for failure to seek earlier appropriate relief). Ineffective assistance of counsel "can be grounds for *coram nobis* relief." *Esogbue*, 357 F.3d at 534.

While, the Sixth Amendment right to counsel includes the right of a criminal defendant to be informed of the deportation consequences of entering a guilty plea, *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010), the rule announced in *Padilla* does not apply retroactively to convictions finalized before that decision. *Chaidez v. United States*, 568 U.S. 342, 358 (2013). Mwalumba's conviction became final in January 2000, when he moved to withdraw his direct appeal. Therefore, he cannot avail himself of *Padilla*'s holding. Indeed, when Mwalumba's conviction became final, this Circuit's precedent was contrary to Padilla's holding. *See Santos-Sanchez v. United States*, 548 F.3d 327, 336 (2008), *rev'd*, 559 U.S. 1046 (2010) (reversed based on *Padilla v. Kentucky*).

Similarly, Mwalumba's allegations of counsel's conflict of interest and resulting ineffective assistance in the 2010 civil proceeding to revoke his citizenship, even if true, are not a basis to vacate his 1999 conviction. Doc. 5 at 4. Mwalumba has not alleged, much less shown, how the alleged conflict of interest and supposed ineffective assistance in the civil revocation case bear in any way upon the validity of his 1999 conviction ten years earlier. Moreover, he is barred from relitigating this issue by the doctrine of collateral estoppel. This Court explicitly concluded in the civil revocation action that "the United States did not breach its plea agreement with Mwalumba by bringing the [2008] action to revoke his naturalization." *Mwalumba*, 688 F. Supp. 2d 565, 576 (finding that the plea agreement was unambiguous, promised only not to further prosecute him and, thus, did not bar the government from bringing the civil action for denaturalization). *See also Bradberry v. Jefferson County*, 732 F.3d 540, 548 (5th Cir. 2013) ("[C]ollateral estoppel . . . prevents the same parties or their privies from relitigating issues that were litigated and decided in a prior action.").

Further, Mwalumba's assertions that his defense counsel failed to investigate, depose witnesses, file motions in limine, or suppress evidence are simply a belated attempt to challenge his 1999 guilty plea. Doc. 5 at 4-5. Mwalumba has failed to advance sound reasons for his failure to seek earlier relief. *See Dyer*, 136 F.3d at 422 ("sound reasons" must exist for failure to seek earlier relief). Mwalumba could and should have raised those grounds on direct appeal, in his initial Section 2255 motion, and/or in a *coram nobis* petition at any time following his release. Mwalumba offers no reason for having failed to raise those issues earlier other than for his belated assertion that he was uncertain whether his citizenship had been revoked. *See* Doc. 5 at 7 ("I was not sure evry [sic] since the complain[t] in 2008 if I lost my citizenship till now."). Such assertion is plainly belied by the record however, as the March 3, 2010 *Judgment* in the civil revocation action explicitly revoked his citizenship and cancelled his Certificate of Naturalization:

> [Mwalumba's] September 17, 1996 naturalization, ordered by the Attorney General of the United States, admitting defendant to United States citizenship is **REVOKED** and **SET ASIDE**, and Certificate of Naturalization No. 22 684 192, issued by the Attorney General of the United States, is hereby **CANCELLED**.
>
> From the date of this order, defendant is forever **RESTRAINED** and **ENJOINED** from claiming any rights, privileges, or advantages under any document that purports to evidence United States citizenship obtained as a result of his improper naturalization on September 17, 1996.
>
> [Mwalumba] shall **SURRENDER** and **DELIVER** Certificate of Naturalization No. 22 684 192, and any copies thereof in his possession, as well as make good faith efforts to recover and then surrender any copies thereof that he knows are in the possession of others, to the Department of Homeland Security, or its representatives, within fourteen (14) days of the entry of this order.
>
> [Mwalumba] shall **SURRENDER** and **DELIVER** any other indicia of United States citizenship, including any United States passport, to the Department of Homeland Security, or its representative, within fourteen (14) days of the entry of this order.

*See* Civ. Doc. 33 in 3:08-cv-02088-G (emphasis in original).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of error *coram nobis* should be **DENIED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 26, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).